UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:9%cr246-01-MU
02

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **O R D E R** |
| HILYOUD LUDEL HOUSTON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court on Defendant's Motion for Return of Property (Document No. 43), filed August 4, 2005. Also before the Court is the Government's "Response to Defendant's Motion for Return of Property" filed November 16, 2005. For the reasons stated herein, Defendant's request will be <u>granted</u> in part and <u>denied</u> in part.

Hilyoud Ludel Houston pled guilty pursuant to a plea agreement with the Government to conspiracy to distribute a controlled substance and was sentenced on March 15, 2004 to a term of 30 months imprisonment followed by 4 years supervised release.

In the instant motion, Defendant seeks the return of approximately $2000.00 in cash and a gold chain with an "H" charm attached that was confiscated from him during a traffic stop conducted by the Salisbury Police. He is also seeking the return to his girlfriend, Ms. Mary Jane Stoner, of her antique can and .22 caliber long barrel pistol seized from her pursuant to a search of her home on May 9, 2002.

The Government filed a response to Defendant's motion for return of the above property on November 16, 2005. According to the Government's response, the cash seized from the Defendant

was administratively forfeited prior to his indictment in this case. Additionally, there is no record that a gold necklace and charm were ever seized from the Defendant. With respect to Ms. Stoner's antique copper can, the government contends that this can was seized during a search of Ms. Stoner's on May 9, 2002. It contained a small amount of marijuana and a pill bottle with her name on it, containing cocaine. The government has no objection to the return of the can. Finally with respect to the gun, the government will not return the gun to Ms. Stoner unless she can prove ownership, which is reasonable to the Court.

THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Return of Property is granted in part and denied in part:

1) Defendant's motion for return of cash is denied as the cash has been administratively forfeited.

2) The motion for return of the gold necklace and charm is denied as the there is no record that it was ever seized.

3) The motion for return of Ms. Stoner's antique copper can is granted. The Government is directed to return the antique copper can by December 20, 2005.

4) The motion for return of the .22 caliber long barrel pistol is denied. However, Ms. Stoner may provide to the Government and to the Court a copy of the receipt for the gun in her name or such other document that conclusively establishes ownership by her of the gun by December 1, 2005. The Government shall the respond to Ms. Stoner's evidence of ownership by December 8, 2005. If the Government is satisfied of her proof of ownership, the gun shall be returned with the antique copper can (see above) by December 20, 2005. If the Government is not satisfied with the ownership evidence, the Government shall explain why in its response due by December 8,

2005. The antique copper can shall still be returned as directed by this Court by December 20, 2005.

5) The Clerk is directed to send a copy of this Order to the Defendant at 600 Pinewood Avenue, Salisbury, NC 28146. Defendant is no longer in custody and is no longer represented by counsel of record.

Signed: November 17, 2005

Graham C. Mullen
Chief United States District Judge